UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MISAEL CORDERO, : | |
| : | |
| Plaintiff, : | Civ. No. 20-5654 (PGS) (LHG) |
| : | |
| v. : | MEMORANDUM |
| AMY EMRICH, et al., : | AND ORDER |
| : | |
| Defendants. : | |

**PETER G. SHERIDAN, U.S.D.J.**

**I.    INTRODUCTION**

Plaintiff, Misael Cordero ("Plaintiff" or "Cordero"), is a state prisoner proceeding *pro se* with a civil rights complaint filed pursuant to 42. U.S.C. § 1983. Previously, this Court granted Plaintiff's application to proceed *in forma pauperis*. (*See* ECF 5).

This Court must screen the allegations of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint shall proceed in part and shall be dismissed without prejudice in part.

**II.    BACKGROUND**

The factual allegations of the complaint are construed as true for purposes of this screening opinion. Plaintff names two Defendants in his complaint, namely: (1) Amy Emrich – Assistant Superintendent of the New Jersey State Prison ("NJSP"); and (2) Tina Cortes – Hearing Officer at NJSP.

Plaintiff states he previously filed suit against members of NJSP administration. After filing suit, Emrich tried to transfer Plaintiff to Northern State Prison which allegedly only has

double-lock cells. Plaintiff indicates he was housed in a single-lock cell at NJSP. Plaintiff asserts Emrich tried to transfer Plaintiff in retaliation for his filing suit against NJSP administrative officials. Plaintiff asserts Emrich knew placing him in a double-lock cell would subject him to harm from other inmates and/or cause Plaintiff to harm other inmates in self-defense.

Plaintiff declined transfer to Northern State Prison. As a result, he was given a disciplinary charge of refusing to accept a housing assignment. At his disciplinary hearing before Defendant Cortes, Plaintiff requested witnesses to testify on his behalf which was rejected. Plaintiff indicates Cortes told him he could be transferred for any reason, including retaliation. Cortes ultimately found him guilty of the disciplinary charge and sanctioned him to thirty-one days administrative segregation, thirty days loss of "count time" and fifteen days loss of phone privileges. Plaintiff appealed Cortes' decision to Emrich who affirmed Cortes' decision.

While in administrative segregation, Plaintiff was again told he was scheduled to be transferred. He again refused and was given another disciplinary charge. However, sometime thereafter, Plaintiff discovered this transfer was to the East Jersey State Prison, which has single-lock cells. At this subsequent disciplinary hearing, again before Cortes, Plaintiff indicated he would not have refused this second transfer had he known it was going to be to East Jersey State Prisoner. Nevertheless, Plaintiff states Cortes found him guilty. The next day, Plaintiff was transferred to East Jersey State Prison where he remains incarcerated in a double-lock cell.

Plaintiff asserts two similar claims against both Defendants. First, Plaintiff claims Defendants failed to protect him by subjecting him to a double-lock cell due to his transfer rather than the single-lock cell he had while at NJSP. Second, Plaintiff argues Defendant Emrich retaliated against him by transferring him to another prison and that Cortes retaliated against him by placing him in administrative segregation. Finally, Plaintiff asserts Defendant Cortes violated

his due process rights by not permitting witnesses at his disciplinary hearing. Plaintiff seeks injunctive relief and monetary damages.

### III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

IV.   DISCUSSION

A. Eighth Amendment – Failure to Protect

Plaintiff sues both Defendants under the Eighth Amendment under a failure to protect theory. More specifically, Plaintiff alleges that by subjecting him to a double-lock cell upon his

4

transfer from NJSP, Defendants failed to protect him from other inmate assaults and/or that Plaintiff would need to protect himself and assault other inmates in self-defense.

To state a claim against a prison official for failure to protect, "the inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)). "Deliberate indifference" is a subjective standard whereby "'the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.'" *Id.* (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120,125 (3d Cir. 2001)).

> It is not sufficient that the official should have known of the risk. *[Beers Capitol*, 256 F.3d at] 133. A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety "in the usual ways, including inference from circumstantial evidence." *Farmer*, 511 U.S. at 842. In other words, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.*

*Bistrian*, 696 F.3d at 367.

Plaintiff's complaint fails to state a failure to protect claim on two fronts. First, Plaintiff fails to state with any facial plausibility that either Defendant was deliberately indifferent in that they were aware of a risk to Plaitniff's safety. Furthermore, Plaintiff fails to state any harm that has befallen him because of being placed in a double-lock cell. Accordingly, Plaintiff's failure to protect claims against both Defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted.

    B.  <u>Retaliation</u>

Plaintiff next sues both Defendants for retaliation. More specifically, Plaintiff asserts Emrich retaliated against him for filing suit against NJSP administrative officials by transferring him to another prison. Plaintiff's sues Defendant Cortes for retaliation when she placed him in administrative segregation.

"A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal connection between the exercise of his constitutional rights and the adverse action taken against him." *Mack v. Yost*, 427 F. App'x 70, 72 (3d Cir. 2011) (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).

At this early screening stage, this Court shall permit Plaintiff's retaliation claims against both Defendants to proceed. Filing suit constitutes constitutionally protected conduct. *See DeFranco v. Wolfe*, 387 F. App'x 147, 157 (3d Cir. 2010). Furthermore, Plaintiff has sufficiently alleged (at least at the screening stage) adverse action on the part of both Defendants. *See id.* (transfer to another facility sufficiently adverse); *see also Turzanski v. Cty. of Burlington*, No. 15-8866, 2018 WL 5874073, at *8 (D.N.J. Nov. 9, 2018) (citing *Szemple v. Talbot*, 141 F. App'x 52, 54 (3d Cir. 2005) (citing *Allah v. Seiverling*, 229 F.3d 220, 225–26 (3d Cir. 2000)) ("Because confinement to administrative segregation can constitute an adverse action, the Court finds that Plaintiff could plausibly satisfy the second element of a First Amendment retaliation claim). Finally, given that Plaintiff states his prior suit was brought against the administrative of NJSP, and Emrich is a member of NJSP's administrative staff, in addition to Plaintiff's allegation that Cortes told him he could be transferred for any reason, including retaliation, at this screening stage, Plaintiff has sufficiently alleged a causal connection. Accordingly, Plaintiff's retaliation claim shall proceed against both Defendants.

C. Due Process – Defendant Cortes

Finally, Plaintiff alleges Defendant Cortes violated his due process rights during his disciplinary hearing when she refused to allow Plaintiff to call witnesses. Cortes found Plaintiff guilty of refusing to agree to a housing transfer at a disciplinary hearing. As noted above, this guilty finding resulted in Plaintiff being placed in administrative segregation and the loss of thirty days of count time.

> As a panel of the United States Court of Appeals for the Third Circuit has noted:
>
>> [i]n *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)], the Supreme Court held that if the success of a previously convicted plaintiff's section 1983 damages claim "would necessarily imply the invalidity of his conviction or sentence," the plaintiff may only bring his claim if he "can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487, 114 S. Ct. 2364. The Court has extended the rule in Heck to prison disciplinary sanctions, preventing a prisoner from bringing a section 1983 suit where the success of that suit would "necessarily imply the invalidity of the deprivation of his good-time credits." *Edwards v. Balisok*, 520 U.S. 641, 646, 117 S. Ct. 1584, 137 L.Ed.2d 906 (1997). "[T]he sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus." *Id.* at 643-44, 117 S.Ct. 1584.

*Schreane v. Marr*, 722 F. App'x 160, 165 (3d Cir. 2018).

In *Schreane,* the Third Circuit noted that while the plaintiff did not specifically challenge the loss of good time credits, a ruling that his due process rights were violated would necessarily imply the invalidity of his lost time. Similarly, while Plaintiff in this case does not specifically challenge the loss of his good time credits, a ruling his due process rights were violated by Cortes during his hearing for failure to allow Plaintiff to call witnesses would necessarily imply the invalidity of Cortes' decision to deduct good time from Plaintiff. Accordingly, like in *Schreane*, this Court finds *Heck/Edwards* preclude Plaintiff from proceeding on this procedural

7

due process claim against Cortes at this time. Thus, this claim is dismissed without prejudice for failure to state a claim upon which relief may be granted.

V.   CONCLUSION

For the foregoing reasons, Plaintiff's retaliation claims against Defendant shall proceed past screening. All other claims against the Defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted.

### ORDER

For the reasons set forth above,

IT IS on this 4th day of January, 2022,

ORDERED that Plaintiff's complaint shall proceed in part; Plaintiff's claims against the Defendants for First Amendment retaliation shall proceed; all of Plaintiff's remaining claims against the Defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted; and it is further

ORDERED that the Clerk shall provide to Plaintiff a transmittal letter explaining the procedure for completing a United States Marshal ("Marshal") 285 Forms ("USM-285 Form") for Defendants Emrich and Cortes; and it is further

ORDERED that Plaintiff shall complete the USM-285 form for Defendants Emrich and Cortes each and return them to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 E. State Street, Trenton, NJ 08608; and it is further

ORDERED that upon Plaintiff's sending the completed forms to the Clerk, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint (ECF No. 1), summons, and this order and the accompanying opinion upon Defendants Emrich and

Cortes pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States[1]; and it is further

ORDERED that the Defendants Emrich and Cortes shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

ORDERED that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[2]; and it is further

ORDERED that the Clerk shall send a copy of this order and the accompanying opinion to Plaintiff by regular U.S. mail.

DATED: January 4, 2022

                                                         s/*Peter G. Sheridan*  
                                                         PETER G. SHERIDAN, U.S.D.J.

---

[1] Alternatively, the United States Marshal may notify defendants that an action has been commenced and request that the defendant waive personal service of a summons in accordance with Federal Rule of Civil Procedure 4(d).

[2] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.