UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MISAEL CORDERO, | Civil Action No. 20-5654(PGS)(RLS) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| AMY EMRICH, et al., | |
| Defendants. | |

This matter is opened to the Court on *pro se* Plaintiff Misael Cordero's ("Plaintiff") Motion to have his Fourteenth Amendment and Eighth Amendment Claims Reinstated, which the Court construes a Motion for Reconsideration of Plaintiff's dismissed claims. (ECF No. 22.) Defendants Amy Emrich and Tina Cortes (collectively "Defendants") filed a response in opposition (ECF No. 30) and Plaintiff filed a reply (ECF No. 31).

On May 7, 2020, Plaintiff filed a civil rights complaint pursuant to 28 U.S.C. § 1983. (ECF No. 1.) Plaintiff named two Defendants in his Complaint: (1) Amy Emrich, Assistant Superintendent of the New Jersey State Prison ("NJSP"); and (2) Tina Cortes, Hearing Officer at NJSP. (*See* ECF No. 1.) The Complaint raised three claims. First, Plaintiff claimed Defendants failed to protect him by subjecting him to a double-lock cell due to his transfer between prisons rather than the single-lock cell he had while at NJSP in violation of Plaintiff's Eighth Amendment Rights. Second,

Plaintiff alleged Defendant Emrich retaliated against him by transferring him to another prison and that Defendant Cortes retaliated against him by placing him in administrative segregation in violation of Plaintiff's First Amendment rights. Finally, Plaintiff asserts Defendant Cortes violated his due process rights by not permitting witnesses at his disciplinary hearing in violation of Plaintiff's Fourteenth Amendment rights. (*See generally* ECF No. 1.)

On January 4, 2022, following the granting of Plaintiff's application to proceed *in forma pauperis*, the Court screened Plaintiff's 42 U.S.C. § 1983 civil rights complaint ("Complaint") (ECF No. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 6.) The Court dismissed Plaintiff's Eighth Amendment Failure to Protect claim and Fourteenth Amendment Due Process claim, finding Plaintiff had failed to state a claim upon which relief could be granted. (*See id.*) The Court proceeded Plaintiff's First Amendment Retaliation claims against Defendants. (*Id.*)

On September 19, 2022, Plaintiff filed the instant motion for reconsideration, requesting the Court reconsider the dismissal of his Eighth and Fourteenth Amendment claims and reinstate the claims. (ECF No. 22.)

"Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure." *Dubler v. Hangsterfer's Labs.*, No. 09-5144, 2012 WL 1332569 at *3 (D.N.J. Apr. 17, 2012) (citing *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J.1999)). "Generally, a motion for reconsideration is

treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b)." *Id.* (citing *Compaction Sys. Corp.*, 88 F.Supp.2d at 345). In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i).

Under Local Civil Rule 7.1(i), motions for reconsideration are required to be filed within fourteen (14) days after entry of the order or judgment. Plaintiff filed his motion on September 19, 2022, over eight months after the Court's Memorandum and Order dismissing Plaintiff's Eighth and Fourteenth Amendment claims. (ECF Nos. 6 and 22.) Plaintiff's motion for reconsideration is untimely. *See Gaines v. Busnardo*, No. 13-6566, 2015 WL 5771233 at *6 (D.N.J. September 29, 2015) (denying Defendants' motion for consideration, finding it two months untimely); *see also Wright v. Camden City Police Dep't*, 2007 WL 1582975, *1(D.N.J. May 31, 2007) (finding Plaintiff's motion for reconsideration untimely under Local Civil Rule 7.1(i)); *see also Morris v. Siemens Components, Inc.*, 938 F.Supp. 277, 278 (D.N.J. September 20, 1996) (holding a motion for reconsideration may be denied solely for being untimely). Plaintiff has served his Complaint upon Defendants and Defendants have filed their answer to Plaintiff's Complaint. (ECF Nos. 9, 10, and 12.) Plaintiff has set forth no facts justifying his delay in filing his motion for

reconsideration, therefore this Court will deny the motion for reconsideration as untimely.[1]

IT IS on this 5 day of ~~November~~ December, 2022

**ORDERED** that Plaintiff's motion for reconsideration (ECF No. 22) of this Court's January 4, 2022 Memorandum and Order dismissing Plaintiff's Complaint in part is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum Order to Plaintiff by regular mail.

PETER G. SHERIDAN
United States District Judge

---

[1] In Plaintiff's reply, he appears to argue that his motion for reconsideration is timely because the Parole Board did not respond to a letter he sent to the Board regarding credit computation until September 1, 2022. (*See* ECF No. 31.) A letter received from the Parole Board that Plaintiff is presumably is asserting is new evidence, does not change that under Local Civil Rule 7.1(i), any motion for reconsideration of this Court's January 4, 2022 Memorandum and Order was required to be filed within fourteen (14) days after entry of that Order.