UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MISAEL CORDERO,

        Plaintiff,

v.

AMY EMRICH and TINA CORTES,

        Defendant.

Civil Action No. 20-5654 (PGS) (RLS)

MEMORANDUM OPINION
AND ORDER

**SINGH, United States Magistrate Judge**.

**THIS MATTER** comes before the Court upon the Motion of Plaintiff *pro se* Misael Cordero ("Plaintiff"), seeking Leave to File a First Amended Complaint (the "Motion"). (Dkt. No. 51). Defendants Amy Emrich and Tina Cortes (collectively, "Defendants") oppose the Motion. (Dkt. No. 54). The Court has fully reviewed the submissions of the parties and considers the same without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiff's Motion for Leave to Amend is GRANTED.

**I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

By way of background, this action arises out of Plaintiff's allegations that Defendant Amy Emrich ("Emrich"), Assistant Superintendent of New Jersey State Prison ("NJSP"), and Defendant Tina Cortes ("Cortes"), Hearing Officer at NJSP, (collectively, "Defendants") retaliated against him for previously filing suit against NJSP administration officials by transferring him from NJSP to another facility where he would be housed in a double-lock cell[1], violated his due process rights by not permitting witnesses at his disciplinary hearing after he refused to be transferred to a facility

---

[1] A double-lock cell refers to a cell in a facility where two inmates are housed, rather than a single-lock cell, where only one inmate is housed.

1

with double-lock cells, and failed to protect him by transferring him to East Jersey State Prison ("EJSP"), where he was housed in a double-lock cell with other inmates. (*See generally* Dkt. No. 1).

Plaintiff filed his civil rights complaint pursuant to 28 U.S.C. § 1983 on May 7, 2020. (Dkt. No. 1). In screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), on January 4, 2022, the Court dismissed Plaintiff's Eighth Amendment and due process claims without prejudice, finding that Plaintiff had failed to state a claim upon which relief could be granted. (Dkt. No. 6). The Court permitted Plaintiff to proceed with his First Amendment retaliation claim against Defendants. (Dkt. No. 6).

On September 19, 2022, Plaintiff sought reconsideration of the Court's dismissal of the Eighth Amendment and due process claims, which Defendants opposed. (*See* Dkt. Nos. 22, 30, 31). On December 5, 2022, the Court denied Plaintiff's request for reconsideration on the basis that it was untimely. (Dkt. No. 35).

On March 8, 2023, Plaintiff filed the instant Motion for Leave to File an Amended Complaint. (*See* Dkt. No. 51). Through the proposed pleading, it appears that Plaintiff attempts to cure the deficiencies in his Eighth Amendment and due process claims as found by the Court's January 4, 2022 Opinion. (*See* Dkt. No. 51-3). Defendants oppose Plaintiff's Motion, arguing that the proposed amendments are futile because Plaintiff continues to fail to plead plausible facts sufficient to support a claim of any violations under the Eighth Amendment or due process clause. (*See* Dkt. No. 54). Defendants also raise that the amendments are futile because, *inter alia*, Plaintiff failed to exhaust available administrative remedies. (*See* Dkt. No. 54 at pp. 9-10).

## II. LEGAL STANDARD

Requests for leave to amend are governed by Federal Rule of Civil Procedure 15(a)(2). Pursuant to Rule 15(a)(2), a party may amend its pleading upon the opposing party's written consent or with leave of Court. Fed. R. Civ. P. 15(a)(2). Courts will freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) the amendment would be futile. *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *see also BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017).

Notable here, an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "[I]f a claim is vulnerable to a dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

On a motion brought pursuant to Rule 12(b)(6), courts must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Factual allegations, however, must be sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009); *see also Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (discussing standard under *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

**III.  DISCUSSION**

Here, Defendants do not appear to challenge the proposed amendments on the basis of undue delay, bad faith, dilatory motives, or undue prejudice.  (*See* Dkt. No. 54).  Rather, the crux of Defendants' opposition is that the proposed amendments would not cure the defects previously found by the Court and would be futile.

Based on the nature of the futility analysis, Defendants' arguments in opposition to the Motion for Leave to Amend are better suited for consideration in the context of a motion to dismiss. Accordingly, the Court declines to engage in a detailed futility analysis at this juncture, particularly considering Plaintiff's *pro se* status.  *See Strategic Envtl. Partners, LLC v. Bucco,* 2014 WL 3817295 at *2 (D.N.J. Aug. 1, 2014) (preserving futility argument for anticipated motions to dismiss); *see also Colombo v. Bd. of Educ. for the Clifton Sch. Distr.*, No. 11-785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) ("In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." (citing, *inter alia*, *in re Aetna UCR Litig.*, No. 07-3541, 2015 WL 3970168, at *8 (D.N.J. June 30, 2015)).

Accordingly, Plaintiff's Motion for Leave to Amend is hereby GRANTED.  Defendants, however, may, if they so choose, file a motion to dismiss following the filing of Plaintiff's First Amended Complaint.

IV.     **CONCLUSION**

Having considered the submissions of the parties, and for the reasons set forth above,

**IT IS**, **THEREFORE**, on this **29th** day of **September 2023**, hereby

**ORDERED** that Plaintiff's Motion seeking Leave to File a First Amended Complaint (Dkt. No. 51) is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file his First Amended Complaint within twenty-one (21) days of entry of this Order; and it is further

**ORDERED** that Defendants shall file a response to the First Amended Complaint within fourteen (14) days of the filing of the First Amended Complaint; and it is further

**ORDERED** that the Clerk of Court is directed to **TERMINATE** the Motion pending at Docket Entry No. 51; and it is further

**ORDERED** that the Clerk of Court is directed to **MAIL** a copy of this Order to Plaintiff, *pro se*, Misael Cordero.

    **SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**