UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MISAEL CORDERO, *Plaintiff,* v. AMY EMRICH, et al., *Defendants.* | Civil Action No.: 3:20-cv-05654-PGS-RLS **MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Misael Cordero's ("Plaintiff") motion for recusal (ECF No. 57). The crux of Plaintiff's motion is that the undersigned has displayed favoritism to the Defendants. He points to unfavorable rulings in the instant case and a separate case – *Cordero v. Kelley*, No. 3:17-cv-01596 (PGS)(DEA) – including the dismissal of certain claims in his 42 U.S.C. § 1983 civil rights complaint as part of the screening process pursuant to 28 U.S.C. 1915(e)(2)(B), the denial of his motion for reconsideration of that dismissal, the denial of his motion to proceed *in forma pauperis*, the grant of defendants' first motion for summary judgment and the partial grant and denial of defendants' second motion for summary judgment in. The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.

1

Two federal statutes govern the circumstances under which a federal judge should recuse him or herself. First, under 28 U.S.C. § 144, recusal may be considered "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ." Secondly, recusal under 28 U.S.C. § 455 is appropriate when a judge's "impartiality might reasonably be questioned," *see* 28 U.S.C. § 455(a), or the judge has a personal bias or prejudice toward a party, *see* 28 U.S.C. § 455(b). *See Ferrer v. Leahy*, No. CV203901ESJRA, 2022 WL 17340723, at *3 (D.N.J. Nov. 30, 2022).

Plaintiff has not submitted an affidavit attesting to an alleged personal bias or prejudice by the Undersigned. Therefore, § 144 is inapplicable. More fittingly, the Court considers Plaintiff's motion as being made pursuant to § 455(b). Plaintiff's position for recusal rests on the Undersigned's decisions in favor of his adversaries. But, Plaintiff has not presented any concrete evidence to show or elicit a reasonable inference of a personal bias or prejudice toward him or that my impartiality in his matter should reasonably be questioned. Rather, his claims rest on bare accusations that I have favored defendants. Without rehashing the reasons for reaching my past decisions in Plaintiff's cases, I note that litigants do not have a right to recusal of a judge based on unfavorable rulings. *See SecuraComm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's

displeasure with legal rulings does not form an adequate basis for recusal"); *see also Hairston v. Miller*, 646 F. App'x 184, 188 (3d Cir. 2016) ("Neither of these statutes [U.S.C. § 144 and 28 U.S.C. § 455] provides a basis for recusal where, as here, a litigant is simply dissatisfied with the District Court's legal rulings). For these reasons, Plaintiff's motion is denied.

## ORDER

The Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown:

**IT IS** on this 19 day of October, 2023,

**ORDERED** that Plaintiff Misael Cordero's motion for recusal (ECF No. 57) is **DENIED**.

                                                                                  _____
                                                                                  PETER G. SHERIDAN, U.S.D.J.