**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MISAEL CORDERO, | : |
| Plaintiff, | : Civ. No. 20-5654 (PGS)(RLS) |
| v. | : |
| AMY EMRICH, et al., | : **OPINION** |
| Defendants. | : |

**PETER G. SHERIDAN, U.S.D.J.**

**I.    INTRODUCTION**

Plaintiff, Misael Cordero ("Plaintiff"), is a state prisoner currently incarcerated at the East Jersey State Prison ("EJSP") in Rahway, New Jersey. He is proceeding *pro se* with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 65.) Presently pending before this Court is Defendants' Amy Emrich, Assistant Superintendent of New Jersey State Prison ("NJSP"), and Tina Cortes, Hearing Officer at NJSP (collectively "Defendants") motion to dismiss (ECF No. 67), Plaintiff's response (ECF No. 71), and Defendants' reply (ECF No. 73). For the following reasons, the motion is granted.

## II.     BACKGROUND[1]

Plaintiff filed his original complaint in May 2020, alleging a violation of his civil rights against Defendants. (*See* ECF No. 1.) On January 4, 2022, the Court filed a Memorandum and Order pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B), proceeding Plaintiff's First Amendment retaliation claim against Defendants and dismissing Plaintiff's Eighth Amendment failure to protect and Fourth Amendment due process claims against Defendants. (*See generally* ECF No. 6.)

On September 19, 2022, Plaintiff filed a motion to reinstate his Fourth and Eighth Amendment claims, which the Court construed as a motion for reconsideration. (*See* ECF Nos. 22 and 35.) On December 5, 2022, the Court denied Plaintiff's motion for reconsideration. (ECF No. 35.)

On September 29, 2003, Magistrate Judge Rukhsanah L. Singh granted Plaintiff leave to amend his complaint (ECF No. 63), and Plaintiff filed his Amended Complaint on October 16, 2023. (ECF No. 65.) Plaintiff's Amended Complaint again raises First Amendment retaliation, Eighth Amendment failure to protect, and Fourteenth Amendment due process claims against Defendants. (*See id.*)

---

[1] For the purposes of this motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in the facts alleged in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

2

According to the Amended Complaint, Plaintiff has been incarcerated for "nearly 30 years" and had been incarcerated in NJSP from 1994 through 2019. (*Id.* ¶ 9.) Plaintiff submits that during his incarceration in NJSP he was housed in a single-man cell. (*Id.*) The Amended Complaint asserts that Plaintiff filed a lawsuit against three members of the NJSP administration in 2012, which the New Jersey Department of Corrections ("DOC") subsequently settled in 2019. (*Id.* ¶ 10.)

In June 2019, Defendant Emrich ordered Plaintiff be transferred from NJSP to Northern State Prison, which is a double lock facility.[2] (*Id.* ¶ 12.) Plaintiff alleges that Defendant Emrich ordered Plaintiff's transfer to punish him for his previous lawsuit. (*Id.* ¶ 13.) Plaintiff further alleges that "he has a list with the names of other inmates who had requested to be transferred" but Defendant Emrich chose him instead to punish him. (*Id.* ¶ 14.) Plaintiff asserts Defendant Emrich knew placing him in a double-lock cell would subject him to harm from other inmates and/or cause Plaintiff to harm other inmates in self-defense. (*Id.*)

Plaintiff declined the transfer to Northern State Prison. (*Id.* ¶ 17.) As a result, Plaintiff was given a disciplinary charge of refusing to accept a housing unit assignment. (*Id.* ¶ 20.) At the disciplinary hearing before Defendant Cortes, Plaintiff informed Defendant Cortes that he has a constitutional right to be free from

---

[2] A double-lock cell refers to a cell in a facility where two inmates are housed, rather than a single-lock cell, where only one inmate is housed.

retaliation and unnecessary risks of harm, and Defendant Cortes indicated that Plaintiff could be transferred for any reason, including retaliation. (*Id.* ¶ 21-22.) Plaintiff submits that he requested witnesses to testify on his behalf, which Defendant Cortes rejected. (*Id.* ¶ 23.) Defendant Cortes ultimately found Plaintiff guilty of the disciplinary charge and sanctioned him to thirty-one days administrative segregation, thirty days loss of commutation time, and fifteen days loss of phone privileges. (*Id.* ¶ 24.) While in administrative segregation, Plaintiff submits he was deprived of sleep due to how hot the unit becomes in the summer. (*Id.* ¶ 26.) Plaintiff appealed the decision to Defendant Emrich, who affirmed Defendant Cortes' decision. (*Id.* ¶ 27.)

While in administrative segregation, Plaintiff was again informed he was going to be transferred. (*Id.* ¶ 30.) Plaintiff again refused the transfer and was again charged with a disciplinary infraction. (*Id.*) Plaintiff asserts the next day he was advised by a Sergeant that he was being transferred to EJSP, and he informed the Sergeant that he would not have refused the transfer had he known it was to EJSP because EJSP has housing units with single-lock cells. (*Id.* ¶ 31.) Plaintiff alleges that he pled not guilty to the second disciplinary charge and informed Defendant Cortes that he would have accepted the transfer if he had known it was to EJSP. (*Id.* ¶ 32.) Plaintiff claims Defendant Cortes wrote the Plaintiff pled guilty and sanctioned him with forty days of administrative segregation suspended for sixty

4

days, forty days loss of commutation time, and fifteen days loss of yard time. (*Id.* ¶ 33.) Plaintiff refused to sign the adjudication papers. (*Id.* ¶ 34.)

On July 29, 2019, Plaintiff was transferred to EJSP. (*Id.* ¶ 39.) Plaintiff requested a single person cell and was informed he would have to address his placement with the Administration of EJSP during his classification hearing. (*Id.* ¶ 40.) Plaintiff, who is a Christian, was placed in a double-lock cell with a Muslim inmate much bigger than him. (*Id.* ¶ 42.) Following arguments between the two, Plaintiff was moved to two more double-lock cells. (*Id.* ¶¶ 43-44.) Plaintiff alleges following the filing of his initial complaint in this matter, he was moved to a single inmate cell. (*Id.* ¶ 44.)

On October 27, 2023, Defendants filed the instant motion to dismiss. (ECF No. 67.) Defendants seek dismissal of Plaintiff's Fourteenth Amendment due process claim, asserting that Plaintiff fails to plead that he availed himself of all available state process and it is an impermissible collateral attack on his prison disciplinary charge. (*Id.*) Defendants also seek dismissal of Plaintiff's Eighth Amendment failure to protect claim, arguing that the Amended Complaint fails to plead sufficient facts to state an Eighth Amendment claim. (*See id.*) Plaintiff filed a response to Defendants' motion (ECF No. 71), and Defendants filed a reply (ECF No. 73.). This matter is now ripe for disposition.

## III.   LEGAL STANDARDS

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the ... claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted). In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.*

While this standard places a considerable burden on the defendant seeking dismissal, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Stated differently, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In order to determine whether a complaint is sufficient under these standards, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be

pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must assume the veracity of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

## IV.  ANALYSIS

Defendants argue Plaintiff's due process claim and Eighth Amendment claim against them should be dismissed.

### A. Fourteenth Amendment- Due Process

Defendants move to dismiss Plaintiff's due process claim arguing that Plaintiff's claim based on his disciplinary hearing is barred by the rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), which bars a Section 1983 due process claim related to a disciplinary hearing unless the hearing officer's determination is subsequently invalidated. (ECF No. 67-1 at 16-17.)

As noted above, Plaintiff alleges Defendants violated his due process rights when he was denied the right to call witnesses at his disciplinary hearing. Plaintiff was found guilty of refusing a housing assignment at two separate disciplinary hearings and was sanctioned to a period of administrative segregation, loss of commutation time, loss of phone privileges, and loss of yard privileges.

In *Heck*, the Supreme Court held that a prisoner may not pursue a § 1983 action which necessarily impugns the validity of the conviction or duration of sentence, unless first demonstrating that the conviction or sentence has already been invalidated. 512 U.S. at 486–87. In *Edwards*, the Supreme Court extended the "*Heck* doctrine" to circumstances where a prisoner's civil rights action would imply the invalidity of the loss of good time credits after a prison disciplinary hearing. *Edwards v. Balisock*, 520 U.S. 641, 644-45 (1997) A prisoner may have a civil rights action for money damages for a procedural due process violation under the Fifth Amendment when the due process violation resulted in a loss of good time credits. *See Schreane v. Marr*, 722 F. App'x 160, 166 (3d Cir. 2018) (dismissal of procedural due process claim for money damages that would invalidate loss of good time credits is without prejudice and may be renewed upon a successful petition for writ of habeas corpus.)

The Third Circuit Court of Appeals has found that even where a plaintiff did not specifically challenge the loss of good time credits, a ruling that his due process rights were violated would necessarily imply the invalidity of his lost time. *Schreane v. Marr*, 722 F. App'x 160, 165 (3d Cir. 2018). Similarly, while Plaintiff in this case does not specifically challenge the loss of his commutation time credits, a ruling his due process rights were violated by Defendant Cortes during his hearing for failure to allow Plaintiff to call witnesses would necessarily imply the invalidity of

Defendant's decision to deduct commutation credit time from Plaintiff. Accordingly, like in *Schreane*, this Court finds *Heck/Edwards* preclude Plaintiff from proceeding on this procedural due process claim against Defendant Cortes at this time. Plaintiff argues that because he is serving a life sentence, the loss of commutation time credits does not affect the length of his sentence. Therefore, Plaintiff argues that his claim is not seeking relief that would affect the validity of his sentence. However, while Plaintiff pled in his Amended Complaint that he is serving a life sentence, Plaintiff fails to plead if that sentence is a life sentence without the possibility of parole. If Plaintiff is eligible for parole, the loss of commutation time credit, would have an affect on the duration of his sentence. The Amended Complaint fails to plead what Plaintiff's sentence is in detail nor does Plaintiff clearly show that the credits are of no benefit to him, which Plaintiff would need to do at the least to avoid the implication of *Heck*. Thus, Defendants' motion to dismiss is granted as to this issue and Plaintiff's due process claim is dismissed without prejudice.

**B. Eighth Amendment- Failure to Protect**

Defendants move for dismissal of Plaintiff's Eighth Amendment failure to protect claim arguing that the Amended Complaint fails to plead facts sufficient to support an Eighth Amendment claim. (ECF No. 67-1 at 20-23.)

To establish an Eighth Amendment failure to protect claim, "an inmate must demonstrate that: (1) he is 'incarcerated under conditions posing a substantial risk

9

of serious harm;' and (2) the prison official acted with 'deliberate indifference' to his health and safety." *Porter v. Pennsylvania Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A substantial risk of serious harm 'may be established by much less than proof of a reign of violence and terror,' but requires more than a single incident or isolated incidents." *Id.* (citing *Riley v. Jeffes*, 777 F.2d 143, 147 (3d Cir. 1985)). An inmate need not suffer an assault before obtaining relief. *Id.* It is enough to establish deliberate indifference if the official "'knows of and disregards an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 837).

Plaintiff's primary complaint about his safety is that Defendants were deliberately indifferent to the risks of being placed in a double-lock cell if he was transferred to a double-lock prison. Plaintiff alleges that Defendants knew that being placed in a double-lock cell "put him at serious risk of being injured, assaulted, raped, extorted, or murdered." Plaintiff also argues that Defendants had knowledge that placing Plaintiff in a double-lock cell would "put him risk of harm to having to injure or kill another inmate in self-defense." Plaintiff also alleges that Defendants were deliberately indifferent to the pains and mental distress caused from the exposure to excessive heat, sleep deprivation, headaches, nausea, and dizziness due the heat in the summer in segregation.

Regarding the heat in segregation, Plaintiff fails to plead any facts that Defendants were aware of these conditions. Therefore, the Amended Complaint fails to plead facts to show Defendants were deliberately indifferent to a substantial risk of harm to Plaintiff. As to Defendants' deliberate indifference to the risks of a double-lock cell, the Amended Complaint only makes conclusory allegations that the Defendants knew that being placed in a double-lock cell "put [Plaintiff] at serious risk of being injured, assaulted, raped, extorted, or murdered" and "put him risk of harm to having to injure or kill another inmate in self-defense." The Amended Complaint is devoid of facts to support the allegation that Defendants knew of a risk of serious harm. Further, the Amended Complaint fails to contain facts to show that Defendants' deliberate indifference caused Plaintiff harm. See *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (noting failure-to-protect § 1983 claim also requires showing that the official's deliberate indifference caused the prisoner harm). While Plaintiff alleges that after his transfer he was placed in a double-lock unit that was unsanitary, was placed in a cell with a Muslim inmate who was much bigger than him, with an inmate who was mentally ill, and with an inmate who was "extremely squalid," these allegations do not show that Defendants' deliberate indifference caused Plaintiff serious harm. Additionally, the Amended Complaint also fails to plead facts to show that Defendants had any knowledge of or control over the conditions of Plaintiff's confinement once he was transferred out NJSP. The

Amended Complaint fails to plead sufficient facts to state an Eighth Amendment failure to protect claim. Therefore, Defendants' motion to dismiss as to this claim is granted and Plaintiff's Eighth Amendment claim is dismissed without prejudice.

## V. CONCLUSION

For the reasons expressed above, the Court will grant Defendants' motion to dismiss. (ECF No. 67.) Accordingly, Plaintiff's Fourteenth Amendment due process and Eighth Amendment failure to protect claims are dismissed without prejudice. An appropriate order follows.

DATED: January 8, 2024

PETER G. SHERIDAN
United States District Judge