UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MISAEL CORDERO,<br><br>Plaintiff,<br><br>v.<br><br>AMY EMRICH, et al.,<br><br>Defendants. | Civil Action No. 20-05654 (RK) (JTQ)<br><br>**MEMORANDUM OPINION** |

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Misael Cordero's ("Plaintiff") two appeals, (ECF Nos. 84, 88), of Letter Orders issued by the Honorable Rukhsanah L. Singh, U.S.M.J. (the "Magistrate Judge"), (ECF Nos. 83, 86). Defendants Amy Emrich and Tina Cortes ("Defendants") filed a brief in opposition to Plaintiff's first appeal.[1] (ECF No. 85.) Plaintiff has not replied. The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's appeals are **DENIED,** and the Magistrate Judge's Letter Orders are **AFFIRMED**.

I.    **BACKGROUND**

Plaintiff is a *pro se* prisoner litigant alleging a First Amendment retaliation claim against Defendants—who are both employees of New Jersey State Prison ("NJSP")—in connection with Plaintiff's transfer to a prison facility where he would be housed in a double-lock cell.[2] (*See* ECF

---

[1] While Defendants did not file a brief in opposition to Plaintiff's second appeal, "the Court will conduct a merits analysis of [the appeal] because [Plaintiff] bears the burden of demonstrating that [the Magistrate Judge]'s decision was 'clearly erroneous or contrary to law.'" *Planker v. Christie*, No. 13-4464, 2018 WL 2317533, at *1 (D.N.J. May 22, 2018) (citing Fed. R. Civ. P. 72(a)).

[2] A more-detailed history of the case can be found in the Magistrate Judge's two Letter Orders. (*See* ECF Nos. 83, 86.)

No. 83 at 1–2 (citing ECF No. 1).) In his present appeals, Plaintiff challenges two distinct Letter Orders issued by the Magistrate Judge during discovery in this matter.

1. <u>Subpoena Order</u>

*First*, Plaintiff challenges the Magistrate Judge's March 27, 2024 Letter Order granting Defendants' Motion to Quash Plaintiff's Third-Party Subpoena (the "Motion to Quash") served on non-party New Jersey Department of Corrections ("NJDOC") (the "Subpoena Order"). ("Sub. Ord.," ECF No. 83.)

During discovery, Plaintiff sought leave to serve a third-party subpoena on NJDOC. (*See* ECF No. 37.) After leave was granted, the Clerk of Court provided Plaintiff with two subpoenas directed at employees of NJDOC that requested the following:

> 1. All documents — including but not limited to incident reports, follow up reports, disciplinary charges, adjudication papers, and statements from 1993 to present regarding violent incidents such as but not limited to murders, rapes, assaults, and physical fights involving cellmates in all prisons in New Jersey.[3]
>
> 2. All internal operation procedures, policies, regulations, and statutes other than the ones from the New Jersey Administrative Code 10A that are in any way connected or are relevant to double locking inmates in the State of New Jersey.

(ECF No. 58-5 at 9.) Defendants filed a Motion to Quash, arguing that Plaintiff's subpoena was "overly broad" and "unduly burdensome," and that Plaintiff sought confidential information that was barred from release. (*See generally* ECF No. 58-1.) Plaintiff argued in opposition that the information sought by the subpoena was relevant to his claims and not overly-broad, and further,

---

[3] After negotiating with Defendants, Plaintiff offered to narrow this request to "all incident[] reports, disciplinary charges, and statements from the time when both Defendants started working for the [NJ]DOC to present regarding the murders, rapes, assaults, and physical fights between cellmates in all men's prisons in New Jersey." (Sub. Ord. at 2–3 (quoting ECF No. 58-1 at 9).)

2

any confidentiality concerns could be cured with stipulations or protective orders. (*See* ECF No. 62 at 8.)

The Magistrate Judge granted Defendants' Motion to Quash, finding that "Plaintiff's request for such broad documents relating to cellmate violence in all New Jersey prisons seeks information beyond the relevant time period and relating to individuals and instances not at issue here." (Sub. Order at 6 (citing Fed. R. Civ. P. 26(b)(1)).) Further, "Plaintiff's requests for certain policy documents would impede upon the NJDOC's serious interest in maintaining the security of the facility at issue." (*Id.*) Plaintiff now appeals this decision, (the "Subpoena Appeal"), which Defendants oppose. (*See* "Sub. App.," ECF No. 84; "Opp.," ECF No. 85.)

2. The Sanctions Order

*Second*, Plaintiff challenges the Magistrate Judge's June 17, 2024 Letter Order denying Plaintiff's Motion for Sanctions for Spoliation of Evidence (the "Motion for Sanctions") directed at Defendants (the "Sanctions Order"). ("Sanct. Ord.," ECF No. 86.)

During discovery, Plaintiff sought copies of purported lists kept by Defendants of inmates approved and waiting transfer from NJSP to other prison facilities in the State of New Jersey (the "2019 Transfer Lists"). (*See* ECF No. 20-1 at 4.) The Magistrate Judge compelled Defendants to determine whether any 2019 Transfer Lists existed, (*see* ECF No. 27), but "Defendants informed Plaintiff that, following a diligent search, they were unable to locate any 2019 [T]ransfer [L]ists," (Sanct. Ord. at 2 (citing ECF No. 38 at 1).) In compliance with an order to advise the Magistrate Judge of the steps Defendants undertook to search for any 2019 Transfer Lists, Defendants offered the Certification of Assistant Division Director John C. Falvey, who certified "that the NJSP staff searched both paper and electronic files for any transfer lists for the time period of May, June, and July 2019," (*id.* (citing ECF No. 47-1 at ¶ 5)), that "NJSP located transport lists for June and July 2019, which had been previously provided to Plaintiff," and further, NJSP "does not keep a list of

3

incarcerated persons seeking transfers," (*id.* (citing ECF No. 47-1 at ¶¶ 6, 8)). At that point, the Court denied Plaintiff's application to compel further discovery and "found that Defendants sufficiently complied with their discovery obligations as to the sought-after discovery." (*Id.* (citing ECF No. 48 at 1).)

Plaintiff then filed a Motion for Sanctions, alleging Defendants "intentionally and maliciously suppressed the list with the names of inmates who have requested transfers out of [NJSP], whose transfer requests have been approved, and were waiting to be transferred during the time period relevant to this lawsuit." (ECF No. 68 at 2.) Further, Defendants' efforts to locate the lists led to the "common sense" conclusion that the 2019 Transfer Lists were indeed in Defendants' possession, custody, or control. (*See* ECF No. 74 at 2.) Defendants opposed the Motion for Sanctions, primarily contending "that Plaintiff has failed to identify a document that existed that Defendants have altered or destroyed." (ECF No. 72 at 7.)

The Magistrate Judge denied the Motion for Sanctions, finding that "Defendants have sufficiently shown that they did not maintain within their possession, custody, or control the 2019 [T]ransfer [L]ists in the form that Plaintiff believes to have existed." (Sanct. Ord. at 6–7.) Plaintiff subsequently appealed (the "Sanctions Appeal"). (*See* "Sanct. App.," ECF No. 88.)

## II.   **LEGAL STANDARD**

A magistrate judge is "accorded wide discretion in addressing non-dispositive motions." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A magistrate judge's ruling on a non-dispositive matter may only be set aside if the "order is clearly erroneous or contrary to law." *Id.* (internal quotation omitted); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"

*Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). For a decision to be contrary to law, "the Court must find the magistrate judge misapplied or misinterpreted the applicable law." *Hooker v. Novo Nordisk Inc.*, No. 16-4562, 2019 WL 2521749, at *2 (D.N.J. June 19, 2019) (citing *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998)).

The party appealing the magistrate judge's decision bears the burden of showing the ruling is clearly erroneous or contrary to law. *Travelers Indemn. Co. v. Dammann & Co.*, 592 F. Supp. 2d 752, 758–59 (D.N.J. 2008), *aff'd*, 594 F.3d 238 (3d Cir. 2010). When the underlying ruling relates to a non-dispositive matter, such as a discovery motion, the magistrate judge's "ruling is entitled to great deference and is reviewable only for abuse of discretion." *Frank v. Cnty. of Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996) (citations omitted). Abuse of discretion is found "when the judicial action is arbitrary, fanciful or unreasonable," or in other words, "only where no reasonable man [or woman] would take the view adopted by the court." *Fagan v. Fischer*, No. 14-7013, 2018 WL 2859541, at *10 (D.N.J. June 11, 2018) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

### III. DISCUSSION

The Court addresses each of Plaintiff's appeals in turn.

1. Appeal of the Subpoena Order

The Subpoena Order granted Defendants' Motion to Quash Plaintiff's third-party subpoena directed at employees of NJDOC, which requested (i) all documents "from 1993 to present regarding violent incidents . . . involving cellmates in all prisons in New Jersey,"[4] and (ii) all

---

[4] Even accepting Plaintiff's narrowed request for documents "from the time when both Defendants started working for the [NJ]DOC to present," (Sub. Order at 2–3), Defendants argue on appeal this still amounts to "requesting twenty years' worth" of documents," (Opp. at 10).

5

"internal operation procedures, policies, regulations, and statutes" pertaining to "double locking inmates in the State of New Jersey." (Sub. Ord. at 2 (citing ECF No. 58-5 at 9).) Plaintiff argues he is "entitled" to this discovery to prove Defendants' knowledge "that Plaintiff was going to be exposed" to "atrocious risks" in light of his alleged "retaliatory transfer" by Defendants. (Sub. App. at 3, 6.) Moreover, he argues that "the Defendants or the [NJ]DOC could have easily enter[ed] into a stipulation rather than provide the information and documents requested by Plaintiff."[5] (*Id.* at 5.) Defendants argue in opposition that "Plaintiff's subpoena is overbroad because it is a request for a fishing expedition of twenty years of records with no conceivable connection to the instant litigation and seeks years of information that has no bearing on his instant case as [the Magistrate Judge] correctly determined." (Opp. at 7.) Defendants also declined to stipulate to the terms of Plaintiff's proposed stipulation. (*Id.* at 9.)

The Magistrate Judge did not abuse her discretion in granting Defendants' Motion to Quash. Indeed, Plaintiff offers no basis for the Court to find otherwise. Magistrate judges are accorded "broad discretion" to decide discovery disputes. *Comodo Holdings Ltd. v. Emanuel*, No. 18-14188, 2019 WL 2870732, at *2 (D.N.J. July 2, 2019). This includes deciding issues regarding "scope of discovery." *Cooper Health Sys. v. Virtua Health, Inc.*, No. 09-735, 2009 WL 10727982, at *2 (D.N.J. July 1, 2009). While Plaintiff argues the Magistrate Judge made a "contrary application" of law because Plaintiff is "entitled to obtain evidence relevant to his case and crucial to prove his claims and destroy Defendants' defense," (Sub. App. at 5), "the scope of discovery is not limitless." *Pro. Recovery Servs., Inc. v. Gen. Elec. Cap. Corp.*, No. 06-2829, 2009

---

[5] The stipulation Plaintiff references would have Defendants stipulate "that since the time they have been working for the [NJ]DOC it has been a pattern of rapes, assaults and fights between cellmates," and further, "there are no internal operation procedures, policies, regulations, or statutes mandating that inmates' differences in religion, age, crimes, physical and mental health, sentences, gang affiliation, and race be considered before forcing them to double-lock." (Sub. App. at 4.)

WL 137326, at *4 (D.N.J. Jan. 15, 2009). Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," but the rule also requires a consideration of "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 26(b)(2)(C)(iii) (stating the court must limit discovery where "the proposed discovery is outside the scope permitted by Rule 26(b)(1)").

It was not unreasonable for the Magistrate Judge to find that Plaintiff's subpoena for decades-worth of documents pertaining to every single "violent incident[]" involving cellmates in every single prison in New Jersey was overbroad and unduly burdensome. (*See* Sub. Ord. at 2 (citing ECF No. 58-5 at 9).) Indeed, Plaintiff's argument on appeal that "[s]*ome* of the documents and information requested by Plaintiff will show that in *some* of the incidents both Defendants were personally involved," (Sub. App. at 3 (emphasis added)), reinforces the conclusion that Plaintiff's broad subpoena is nothing more than a fishing expedition as only "some" of the documents will ultimately tie back to Defendants. *See Plastipak Packaging, Inc. v. DePasquale*, 363 F. App'x 188, 192 (3d Cir. 2010) ("[W]e discourage 'fishing expeditions.'") Furthermore, as the Magistrate Judge noted, Plaintiff's subpoena for procedures, policies, and regulations relating to double-locking could "directly implicate security concerns," which warranted quashing. (Sub. Ord. at 6–7 (citing *Palmer v. York County*, No. 20-539, 2022 WL 4120261, at *4 (M.D. Pa. Sept. 9, 2022)).)

While Plaintiff points out that Defendants "could have easily enter[ed] into a stipulation rather than provide the information and documents requested by Plaintiff," (Sub. App. at 5), it would have been unreasonable for Defendants to agree to a (frankly damning) stipulation to ease their production burden for documents that otherwise fall outside the bounds of permissible

7

discovery under Federal Rule of Civil Procedure 26. *See In re First Peoples Bank S'holders Litig.*, 121 F.R.D. 219, 227 (D.N.J. 1988) (denying as "overbroad and unduly burdensome" discovery request seeking less than five years of information "as it would require counsel to search all files to obtain historic . . . information").

Aside from his position that the third-party subpoena should be considered sufficiently relevant to the claims underlying this lawsuit to warrant compliance, (*see* Sub. App. at 5), Plaintiff does not appear to otherwise take issue with the Subpoena Order. For example, Plaintiff does not argue that the Magistrate Judge "ignore[d] a material factor deserving significant weight, rel[ied] on an improper factor, or ma[d]e a serious mistake in weighing all of the factors assessed." *V. Mane Fils S.A. v. Int'l Flavors And Fragrances Inc.*, No. 06-2304, 2008 WL 4606313, at *4 (D.N.J. Oct. 16, 2008). The Magistrate Judge appropriately exercised her discretion in making a judgment as to the scope of discovery in this matter, and therefore, the Court finds that the Magistrate Judge did not abuse her discretion in granting Defendants' Motion to Quash.

2. Appeal of the Sanctions Order

Plaintiff next appeals the Sanctions Order, where the Magistrate Judge denied Plaintiff's Motion for Sanctions in connection with the purported 2019 Transfer Lists that Defendants allegedly "intentionally refused to produce." (*See* Sanct. Ord. at 1; Sanct. App. at 4.) Plaintiff argues that the Magistrate Judge "did not consider the whole evidence presented by Plaintiff, applied a wrong and higher standard, and misapplied applicable law." (Sanct. App. at 6.) Plaintiff more specifically argues that the Magistrate Judge "failed to consider the totality of the evidence submitted by Plaintiff," including an "[NJ]DOC document showing that . . . waiting-transfer lists are documents kept by [NJ]DOC employees" and "a personal declaration regarding two [NJ]DOC employees . . . who w[ould] testify about the existence of the relevant [2019 Transfer Lists]." (*Id.* at 4.) For the reasons below, Plaintiff has not demonstrated that the Magistrate Judge erred in

ultimately finding that "Defendants ha[d] sufficiently shown that they did not maintain within their possession, custody, or control the 2019 [T]ransfer [L]ists in the form that Plaintiff believes to have existed." (*Id.* at 6–7.)

To support an inference of spoliation, the Magistrate Judge was first required to find that "the evidence was in the par[t]y's control." *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012). The Magistrate Judge did not err in finding Defendants did not have possession, custody, or control of the 2019 Transfer Lists. The Magistrate Judge diligently ordered Defendants to advise her as to the steps they undertook to locate the 2019 Transfer Lists and to explain whether the 2019 Transfer Lists never existed or had existed but were not retained. (Sanct. Ord. at 2.) In compliance with that order, Defendants submitted a certification by John C. Falvey, Assistant Division Director, who certified as true under penalty of punishment that "NJSP staff searched both paper and electronic files for any transfer lists for the time period of May, June, and July 2019," and that NJSP "does not keep a list of incarcerated persons seeking transfers." (*Id.* (citing ECF No. 47-1 at ¶¶ 5, 6, 8); *see also* ECF No. 47-1 at 3.) While Plaintiff argues the Magistrate Judge did not give proper weight to his evidence that would allegedly show Defendants were intentionally engaging in spoliation, the Court finds that the Magistrate Judge did not abuse her discretion in finding the evidence set forth by Defendants credible. *See Sabinsa Corp. v. Herbakraft, Inc.*, No. 14-04738, 2021 WL 5449087, at *4 (D.N.J. Nov. 22, 2021) ("[A] reviewing court must accept the factual determination of the fact-finder unless the determination is either (1) completely devoid of minimum evidentiary support displaying some hue of credibility or (2) bears no rational relationship to the supportive evidentiary data" (internal quotations omitted)).

Further, while Plaintiff argues that the evidence he submitted was not adequately considered by the Magistrate Judge, (*see* Sanct. App. at 4), the Magistrate Judge discussed

9

Plaintiff's evidence within her Sanctions Order. For example, the Magistrate Judge noted in the Sanctions Order that Plaintiff produced both the "Declaration of Jeffrey Wise," a prison paralegal "who avers that prison administrators have used such lists 'for decades' and continue to use them," as well as an "Admin Log," "in which [Defendant] Emrich reports viewing and changing classifications for transfer requests." (*Id.* at 3 (noting Plaintiff also produced "an administrative transfer agreement, as well as the transport logs Defendants served in discovery").) In making her ultimate finding, the Magistrate Judge found that "[c]onsideration of Mr. Wise's Declaration and the electronic transfer records attached to Plaintiff's motion does not tip the scale to show through competent evidence that Defendants ever possessed the sought-after lists." (*Id.* (also finding that "[w]hile Defendant Emrich may have reviewed grievances and changed descriptions of classifications, that does not necessarily mean that there exist lists of inmates who requested transfers and the status of those transfers").)

Beyond arguing in a conclusory fashion that Defendants made "untruthful allegations," (Sanct. App. at 5), Plaintiff fails to show how the Magistrate Judge's finding—that Defendants sufficiently demonstrated the purported 2019 Transfer Lists were not their possession, custody, or control—was "clearly erroneous[.]" *See Cephalon, Inc. v. Sun Pharm. Indus., Ltd.*, No. 11-5474, 2013 WL 3417416, at *1 (D.N.J. July 8, 2013); *Cordero-Rezabala v. United States*, No. 24-4010, 2024 WL 1673366, at *4 (D.N.J. Apr. 18, 2024) ("The decision of the magistrate judge is reviewed for abuse of discretion, and must be upheld if there is any competent evidence in the record to support it" (internal quotations omitted)). Therefore, the Magistrate Judge did not abuse her discretion in finding Defendants' actions did not meet the threshold for a spoliation inference. *See Travelers Prop. Cas. of Am. ex rel. Goldman v. Pavilion Dry Cleaners*, No. 04-1446, 2005 WL 1366530, at *4 (D.N.J. June 7, 2005) (denying motion for spoliation inference where "[p]laintiff,

so far, has failed to establish that [evidence] was within Defendants' control"). The Magistrate Judge clearly considered evidence put forth by Plaintiff, (*see* Sanct. Ord. at 7), and she ultimately determined Defendants still sufficiently showed the 2019 Transfer Lists were not within their possession, custody, or control. Therefore, the Court finds that the Magistrate Judge did not err in denying Plaintiff's Motion for Sanctions.[6]

---

[6] The Court need not address Plaintiff's other arguments on appeal, which attack findings that the Magistrate Judge made with respect to undue prejudice, as those findings were made in the hypothetical situation the "2019 [T]ransfer [L]ists did exist at some point in time," and are dicta. (Sanct. Ord. at 7.) By that point in the Sanctions Order, the Magistrate Judge had already found that Defendants sufficiently showed that the 2019 Transfer Lists were not in their possession, custody, or control. (*Id.* at 6.) Thus, the later portion of the Sanctions Order entertaining a hypothetical is pure dicta and does not affect the Court's analysis of the dispositive holding of the Sanctions Order. *See Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n,* 288 F.3d 519, 527 (3d Cir. 2002) ( "[I]n determining whether the issue was essential to the judgment, we must look to whether the issue was critical to the judgment or merely dicta" (internal quotations omitted)); *Drelles v. Metro. Life Ins. Co.*, 357 F.3d 344, 348 (3d Cir. 2003) ("Magistrate Judge Benson's comments were clearly dicta . . . . Thus, there is no finding of fact to review, let alone to declare clearly erroneous").

## CONCLUSION

For the foregoing reasons, Plaintiff's Subpoena Appeal and Sanctions Appeal, (ECF Nos. 84, 88), are **DENIED**, and the Magistrate Judge's Subpoena Order and Sanctions Order, (ECF Nos. 83, 86), are **AFFIRMED**. An appropriate Order follows.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: October 22, 2024